# EXHIBIT A

William Krieger
147 W. Barton Avenue
Elysburg, PA 17824,

        Plaintiff

v.

Bank of America, N.A.
100 North Tryon St,
Charlotte, NC 28202,

        Defendant

IN THE NORTHUMBERLAND COUNTY
COURT OF COMMON PLEAS

Docket No. CV-16-479

Civil Action

Jury Trial Demanded

2016 MAR 21 AM 11: 55
PROTHONOTARY

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by plaintiff(s). You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD A LAWYER**
**Contact:**
**Court Administrator**
**Northumberland County Courthouse**
**Sunbury, Pennsylvania 17801**
**Telephone (717) 988-4167**

William Krieger,
          Plaintiff

v.

Bank of America, N.A.,
          Defendant

FILED

2016 MAR 21 AM 8: 59

NON PROTHONOTARY

IN THE NORTHUMBERLAND COUNTY
COURT OF COMMON PLEAS

Docket No. CV-16-479

Civil Action

Jury Trial Demanded

## COMPLAINT

### I.    INTRODUCTION

1.  This is an action for actual damages, statutory damages, and attorney's fees for violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* Defendant failed to conduct a reasonable investigation after being notified of a billing error. Furthermore, Defendant failed to limit Plaintiff's liability to $50.00 for unauthorized charges made on Plaintiff's credit card.

### II.    JURISDICTION AND VENUE

2.  The foregoing paragraphs are incorporated herein by reference.

3.  This Court has jurisdiction pursuant to 15 U.S.C. § 1640(e), which permits an action to be brought in any court of competent jurisdiction.

4.  Venue in this Court is proper in that Plaintiff resides here, the conduct complained of occurred here, and Defendant transacts business here.

### III.    PARTIES

5.  The foregoing paragraphs are incorporated herein by reference.

6.  Plaintiff is a natural person residing at 147 W. Barton Avenue, Elysburg, PA 17824.

7.  Defendant, Bank of America, N.A., is a bank with a place of business located at 100 North Tryon St, Charlotte, NC 28202.

## IV.    STATEMENT OF FACTS

8.  The foregoing paragraphs are incorporated herein by reference.

9.  Plaintiff entered into an open-ended credit transaction, namely a BankAmericard Visa account, with Defendant for personal, family, and household purposes ("the Account").

10. At all times relevant hereto, Defendant, in the ordinary course of business, regularly extended open-end consumer credit, pursuant to a Visa, on which Defendant assessed finance charges.

11. Near the end of June 2015, Plaintiff's computer was malfunctioning.

12. On or about June 27, 2015, Plaintiff received a telephone call from an unknown third-party who identified himself as a Microsoft employee.

13. This individual informed Plaintiff that Plaintiff's computer was infected with a virus, and that Plaintiff would need to let this individual remotely access his computer in order to remove the virus.

14. While this individual was accessing Plaintiff's computer, Plaintiff's daughter arrived home and Plaintiff informed her that Microsoft was working on the computer.

15. Plaintiff's daughter informed Plaintiff that it was unlikely that Microsoft would call to inform him that his computer had a virus and that the call was probably a scam.

16. Plaintiff's daughter thereafter disconnected Plaintiff's computer from the internet and while she was doing so Plaintiff saw what he believed to be his credit card number displayed on the computer screen.

17. Plaintiff and his daughter thereafter called Microsoft, and were advised that the individual accessing the computer was not employed by Microsoft.

18. That same day, Plaintiff contacted Defendant to determine if any unauthorized charges were made on his credit card by the third-party.

19. During this conversation with Defendant, Plaintiff was advised that a Western Union money transfer was purchased that day in the amount of $657.00.

20. Plaintiff did not authorize or make the charge referenced in the previous paragraph.

21. During this phone call, Plaintiff informed Defendant's customer service department that the money order was not authorized and that the Account was compromised.

22. During this conversation, Plaintiff was advised by Defendant's customer service department that nothing could be done regarding the unauthorized use at this time.

23. Instead, Plaintiff was told that he would have to contact Defendant's customer service department after he received a written billing statement.

24. Also during this conversation, Defendant cancelled the account number associated with the Account, and issued Plaintiff a new credit card with a different account number.

25. Plaintiff thereafter received his monthly billing statement from Defendant on or about July 29, 2015. A copy of this billing statement is attached as Exhibit A.

26. The unauthorized charge appeared on this monthly statement.

27. After receiving the monthly statement, Plaintiff again contacted Defendant's customer service department by telephone on July 29, 2015.

28. During this conversation, Plaintiff was advised that Defendant could do nothing about the unauthorized charge as Western Union had already authorized the payment.

29. Thereafter, Plaintiff informed Defendant that he wanted to cancel the Account entirely, as he was no longer happy with Defendant's customer service department.

3

30. Later that same day, Plaintiff received a phone call from Defendant. During this phone call he was advised that Defendant would credit Plaintiff's account while it conducted an investigation on the unauthorized use.

31. Shortly thereafter, Plaintiff received two letters from Defendant confirming the July 29, 2015 phone calls. Copies of these letter are attached as Exhibit B.

32. One of the July 29, 2015 letters stated, in relevant part, as follows:

> We're responding to your recent inquiry regarding the $657.00 charge(s) from WESTERN UNION.
>
> **What you need to know**
>
> - We've issued credit(s) to your account for the disputed charge(s) and credited your account for any interest charges and fees you received because of the disputed charge(s).
> - The adjustment(s) will appear on your monthly statement.
> - Please understand that although we filed a claim on your behalf and we consider your dispute(s) resolved, the merchant does have the opportunity to review the information and provide additional documentation to support why they feel the transaction(s) is valid.
> - Should we receive additional information from the merchant, we'll forward relevant documentation to you and let you know if additional information is needed to support your dispute(s).

33. After receiving this letter, Plaintiff believed that his dispute had been resolved and that he was not required to pay the disputed amount.

34. Plaintiff thereafter received a billing statement for the period of July 19, 2015 through August 18, 2015. A copy of this billing statement is attached as Exhibit C.

35. This billing statement reversed the unauthorized charge, as shown below:

| | | Payments and Other Credits | | | |
|---|---|---|---|---|---|
| 06/27 | 07/29 | BAL ADJ/WESTERN UNION | 8337 | 2984 | -657 00 |

36. As a result, Plaintiff again believed that the matter had been resolved in his favor.

37. However, shortly after September 11, 2015, Plaintiff received another letter from Defendant. A copy of this letter is attached as Exhibit D.

4

38. This letter stated, in relevant part:

> Our investigation of the $657.00 charge(s) from WESTERN UNION has been completed.
>
> **What you need to know**
>
> The merchant provided a copy of the sales slip(s) as verification of the charge(s). After reviewing the documentation, we found that we're unable to resolve the dispute(s) directly with the merchant(s) for the following reason(s):
>
> - The information provided by the merchant matches the home address, phone number, or email address we have listed on your account.
>
> As a result, we consider the transaction(s) valid. If we previously issued credit(s) to your account, the charge(s) will be rebilled and will appear on your monthly statement. At this time, we consider your dispute(s) resolved and the balance is owed in accordance with your Credit Card Agreement.

39. Included with the letter is a document entitled "Western Union Chargeback Response." The Chargeback Response shows that the recipient of the money order was Amit Rajak in Mumbai, India.

40. Plaintiff has never been to India, and he does not know anyone named Amit Rajak.

41. Plaintiff thereafter received a billing statement for the period of August 19, 2015 through September 18, 2015. A copy of this billing statement is attached as Exhibit E.

42. The unauthorized charge was reinstated on this billing statement, as demonstrated below:

| 06/27 | 09/11 | BAL ADJ/WESTERN UNION | 83AJ | 2984 | 657.00 |

43. On or about September 23, 2015, Plaintiff contacted Western Union by telephone to discuss the unauthorized charge.

44. During this telephone call, Plaintiff was advised that the money transfer had not been paid out until August 1, 2015.

45. Thus, prior to Western Union completing the money transfer, Plaintiff had advised Defendant multiple times that the charge was unauthorized.

5

46. Defendant did not contact Western Union prior to August 1, 2015 to regarding the unauthorized use of Plaintiff's credit card. The factual statements in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

47. After receiving the September 18, 2015 billing statement, Plaintiff mailed Defendant a notice of billing error ("the Notice").

48. A copy of the Notice is attached as Exhibit F.

49. The Notice was mailed on September 26, 2015 and was received by Defendant on September 29, 2015.

50. After it received the Notice, Defendant acknowledged receipt of the Notice on or about October 3, 2015. A copy of this acknowledgement is attached as Exhibit G.

51. On or about October 9, 2015, Defendant sent Plaintiff the results of its investigation. A copy of this letter is attached as Exhibit H.

52. In relevant part, this letter stated:

> We've re-examined your recent inquiry of the $657.00 charge(s) from WESTERN UNION, and regrettably, we're unable to obtain credit(s) to your account.
>
> **What you need to know**
>
> We're unable to assist you further with your inquiry for the following reason(s):
>
> - The information provided by the merchant matches the home address, phone number, or email address we have listed on your account.

*Count 1 – Violation of the Fair Credit Billing Act*

53. The foregoing paragraphs are incorporated herein by reference.

54. The unauthorized use of Plaintiff's credit card constitutes a "billing error" as that term is used in the Fair Credit Billing Act, 15 U.S.C. § 1666.

55. The Notice enabled Defendant to identify the name and account number of Plaintiff.

6

56. The Notice indicated that Plaintiff believed that the monthly billing statement contained a billing error and the amount of the billing error.

57. The Notice set forth the reasons for Plaintiff's believe that the statement contained a billing error.

58. The Notice was mailed to the address designated by Defendant on its monthly billing statements for notices of billing errors to be sent to.

59. Thus, the Notice was a "notice of billing error" as that term is used in the Fair Credit Billing Act, 15 U.S.C. § 1666(a).

60. Regulation Z, which implements the Fair Credit Billing Act, requires a creditor to conduct "reasonable investigation" after it receives a notice of billing error.

61. Defendant did not conduct a reasonable investigation here. Rather, it verified the charge simply because the Western Union Chargeback Response included Plaintiff's "home address, phone number, or email address [that Defendant had] listed on [Plaintiff's] account."

62. The investigation conducted by Defendant was not reasonable. The factual statements in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

63. Defendant's actions caused Plaintiff actual damages.

64. Furthermore, Defendant's actions were part of a pattern or practice of failure to comply with its obligations under the Fair Credit Billing Act. The factual statements will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

65. Specifically, verifying an unauthorized charge simply because a merchant is able to provide one of three common pieces of information is not a reasonable practice or procedure.

66. Furthermore, failing to timely notify a merchant that an unauthorized charge has been made is not a reasonable practice or procedure.

67. By failing to comply with the Fair Credit Billing Act, Defendant is subject to liability pursuant to 15 U.S.C. § 1640.

WHEREFORE, Plaintiff demands judgment against Defendant for actual damages, statutory damages, costs, and attorney's fees.

*Count 2 -- Violation of the "Unauthorized Use" Limitation*

68. The foregoing paragraphs are incorporated herein by reference.

69. The Truth in Lending Act generally precludes a credit card issuer from imposing more than $50.00 in liability for unauthorized use of a credit card. 15 U.S.C. § 1643.

70. The purchase of the money transfer was an "unauthorized use" as it was not made by a person who had actual, implied, or apparent authority for such use.

71. Plaintiff received no benefit from the unauthorized use.

72. Plaintiff provided Defendant with notice of the unauthorized use during the June 27, 2015 phone call, the July 29, 2015 phone call, and the September 26, 2015 letter.

73. From these communications, the card issuer had all of the pertinent information about the unauthorized use.

74. Because the charge was unauthorized, Plaintiff's liability was limited to no more than $50.00.

75. Nonetheless, Defendant has demanded payment of the entire $657.00 charge from Plaintiff.

76. As a result, Defendant violated the Truth in Lending Act's unauthorized use limitation contained in 15 U.S.C. § 1643.

77. A violation of the unauthorized use limitation is actionable under 15 U.S.C. § 1640.

WHEREFORE, Plaintiff demands judgment against Defendant for actual damages, statutory damages, costs, and attorney's fees.

*Brett FF*

Brett Freeman
Bar Number PA308834
Attorney for Plaintiff
SABATINI LAW FIRM, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000

Leonard Gryskewicz, Jr.
Bar Number PA321467
Attorney for Plaintiff
SABATINI LAW FIRM, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000

**Verification of Complaint and Certification
by Plaintiff William Krieger**

Plaintiff, William Krieger being duly sworn according to law, deposes as follows:

1.    I am a plaintiff in this civil proceeding.

2.    I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.    I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.    I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause unnecessary delay to the Defendant, or create a needless increase in the cost of litigation to the Defendant, named in the Complaint.

5.    I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March _10_, 2016.        _William Krieger_

William Krieger, Plaintiff

# EXHIBIT B

William Krieger
147 W. Barton Avenue
Elysburg, PA 17824,

        Plaintiff

v.

Bank of America, N.A.
100 North Tryon St,
Charlotte, NC 28202,

        Defendant

IN THE NORTHUMBERLAND COUNTY
COURT OF COMMON PLEAS

Docket No. CV-16-479

Civil Action

Jury Trial Demanded

## NOTICE

    You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by plaintiff(s). You may lose money or property or other rights important to you.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

    IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD A LAWYER**
**Contact:**
**Court Administrator**
**Northumberland County Courthouse**
**Sunbury, Pennsylvania 17801**
**Telephone (717) 988-4167**

| William Krieger, | IN THE NORTHUMBERLAND COUNTY |
| Plaintiff | COURT OF COMMON PLEAS |
| v. | Docket No. CV-16-479 |
| | Civil Action |
| Bank of America, N.A., | |
| Defendant | Jury Trial Demanded |

## AMENDED COMPLAINT

### I.  INTRODUCTION

1. This is an action for actual damages, statutory damages, and attorney's fees for violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. Defendant failed to conduct a reasonable investigation after being notified of a billing error. Furthermore, Defendant failed to limit Plaintiff's liability to $50.00 for unauthorized charges made on Plaintiff's credit card.

### II.  JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein by reference.

3. This Court has jurisdiction pursuant to 15 U.S.C. § 1640(e), which permits an action to be brought in any court of competent jurisdiction.

4. Venue in this Court is proper in that Plaintiff resides here, the conduct complained of occurred here, and Defendant transacts business here.

### III.  PARTIES

5. The foregoing paragraphs are incorporated herein by reference.

6. Plaintiff is a natural person residing at 147 W. Barton Avenue, Elysburg, PA 17824.

7. Defendant, Bank of America, N.A., is a bank with a place of business located at 100 North Tryon St, Charlotte, NC 28202.

## IV.   STATEMENT OF FACTS

8. The foregoing paragraphs are incorporated herein by reference.

9. Plaintiff entered into an open-ended credit transaction, namely a BankAmericard Visa account, with Defendant for personal, family, and household purposes ("the Account").

10. At all times relevant hereto, Defendant, in the ordinary course of business, regularly extended open-end consumer credit, pursuant to a Visa, on which Defendant assessed finance charges.

11. Near the end of June 2015, Plaintiff's computer was malfunctioning.

12. On or about June 27, 2015, Plaintiff received a telephone call from an unknown third-party who identified himself as a Microsoft employee.

13. This individual informed Plaintiff that Plaintiff's computer was infected with a virus, and that Plaintiff would need to let this individual remotely access his computer in order to remove the virus.

14. While this individual was accessing Plaintiff's computer, Plaintiff's daughter arrived home and Plaintiff informed her that Microsoft was working on the computer.

15. Plaintiff's daughter informed Plaintiff that it was unlikely that Microsoft would call to inform him that his computer had a virus and that the call was probably a scam.

16. Plaintiff's daughter thereafter disconnected Plaintiff's computer from the internet and while she was doing so Plaintiff saw what he believed to be his credit card number displayed on the computer screen.

17. Plaintiff and his daughter thereafter called Microsoft, and were advised that the individual accessing the computer was not employed by Microsoft.

18. That same day, Plaintiff contacted Defendant to determine if any unauthorized charges were made on his credit card by the third-party.

19. During this conversation with Defendant, Plaintiff was advised that a Western Union money transfer was purchased that day in the amount of $657.00.

20. Plaintiff did not authorize or make the charge referenced in the previous paragraph.

21. During this phone call, Plaintiff informed Defendant's customer service department that the money order was not authorized and that the Account was compromised.

22. During this conversation, Plaintiff was advised by Defendant's customer service department that nothing could be done regarding the unauthorized use at this time.

23. Instead, Plaintiff was told that he would have to contact Defendant's customer service department after he received a written billing statement.

24. Also during this conversation, Defendant cancelled the account number associated with the Account, and issued Plaintiff a new credit card with a different account number.

25. Plaintiff thereafter received his monthly billing statement from Defendant on or about July 29, 2015. A copy of this billing statement is attached as Exhibit A.

26. The unauthorized charge appeared on this monthly statement.

27. After receiving the monthly statement, Plaintiff again contacted Defendant's customer service department by telephone on July 29, 2015.

28. During this conversation, Plaintiff was advised that Defendant could do nothing about the unauthorized charge as Western Union had already authorized the payment.

29. Thereafter, Plaintiff informed Defendant that he wanted to cancel the Account entirely, as he was no longer happy with Defendant's customer service department.

30. Later that same day, Plaintiff received a phone call from Defendant. During this phone call he was advised that Defendant would credit Plaintiff's account while it conducted an investigation on the unauthorized use.

31. Shortly thereafter, Plaintiff received two letters from Defendant confirming the July 29, 2015 phone calls. Copies of these letter are attached as Exhibit B.

32. One of the July 29, 2015 letters stated, in relevant part, as follows:

> We're responding to your recent inquiry regarding the $657.00
> charge(s) from WESTERN UNION.
>
> What you need to know
>
> - We've issued credit(s) to your account for the disputed charge(s)
>   and credited your account for any interest charges and fees you
>   received because of the disputed charge(s).
> - The adjustment(s) will appear on your monthly statement.
> - Please understand that although we filed a claim on your behalf
>   and we consider your dispute(s) resolved, the merchant does have
>   the opportunity to review the information and provide additional
>   documentation to support why they feel the transaction(s) is
>   valid.
> - Should we receive additional information from the merchant, we'll
>   forward relevant documentation to you and let you know if
>   additional information is needed to support your dispute(s).

33. After receiving this letter, Plaintiff believed that his dispute had been resolved and that he was not required to pay the disputed amount.

34. Plaintiff thereafter received a billing statement for the period of July 19, 2015 through August 18, 2015. A copy of this billing statement is attached as Exhibit C.

35. This billing statement reversed the unauthorized charge, as shown below:

| 06/27 | 07/29 | Payments and Other Credits BAL ADJ/WESTERN UNION | 8337 | 2984 | -657.00 |
|---|---|---|---|---|---|

36. As a result, Plaintiff again believed that the matter had been resolved in his favor.

37. However, shortly after September 11, 2015, Plaintiff received another letter from Defendant. A copy of this letter is attached as Exhibit D.

4

38. This letter stated, in relevant part:

> Our investigation of the $657.00 charge(s) from WESTERN UNION has been
> completed.
>
> What you need to know
>
> The merchant provided a copy of the sales slip(s) as verification of
> the charge(s). After reviewing the documentation, we found that we're
> unable to resolve the dispute(s) directly with the merchant(s) for the
> following reason(s):
>
> - The information provided by the merchant matches the home address,
> phone number, or email address we have listed on your account.
>
> As a result, we consider the transaction(s) valid. If we previously
> issued credit(s) to your account, the charge(s) will be rebilled and
> will appear on your monthly statement. At this time, we consider your
> dispute(s) resolved and the balance is owed in accordance with your
> Credit Card Agreement.

39. Included with the letter is a document entitled "Western Union Chargeback Response."
The Chargeback Response shows that the recipient of the money order was Amit Rajak in
Mumbai, India.

40. Plaintiff has never been to India, and he does not know anyone named Amit Rajak.

41. Plaintiff thereafter received a billing statement for the period of August 19, 2015 through
September 18, 2015. A copy of this billing statement is attached as Exhibit E.

42. The unauthorized charge was reinstated on this billing statement, as demonstrated below:

| 06/27 | 09/11 | BAL ADJ/WESTERN UNION | 83AJ | 2984 |
| --- | --- | --- | --- | --- |

43. On or about September 23, 2015, Plaintiff contacted Western Union by telephone to
discuss the unauthorized charge.

44. During this telephone call, Plaintiff was advised that the money transfer had not been
paid out until August 1, 2015.

45. Thus, prior to Western Union completing the money transfer, Plaintiff had advised
Defendant multiple times that the charge was unauthorized.

46. Defendant did not contact Western Union prior to August 1, 2015 to regarding the unauthorized use of Plaintiff's credit card. The factual statements in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

47. After receiving the September 18, 2015 billing statement, Plaintiff mailed Defendant a notice of billing error ("the Notice").

48. A copy of the Notice is attached as Exhibit F.

49. The Notice was mailed on September 26, 2015 and was received by Defendant on September 29, 2015.

50. After it received the Notice, Defendant acknowledged receipt of the Notice on or about October 3, 2015. A copy of this acknowledgement is attached as Exhibit G.

51. On or about October 9, 2015, Defendant sent Plaintiff the results of its investigation. A copy of this letter is attached as Exhibit H.

52. In relevant part, this letter stated:

> We've re-examined your recent inquiry of the $657.00 charge(s) from WESTERN UNION, and regrettably, we're unable to obtain credit(s) to your account.
>
> **What you need to know**
>
> We're unable to assist you further with your inquiry for the following reason(s):
>
> - The information provided by the merchant matches the home address, phone number, or email address we have listed on your account.

### Count 1 – Violation of the Fair Credit Billing Act

53. The foregoing paragraphs are incorporated herein by reference.

54. The unauthorized use of Plaintiff's credit card constitutes a "billing error" as that term is used in the Fair Credit Billing Act, 15 U.S.C. § 1666.

55. The Notice enabled Defendant to identify the name and account number of Plaintiff.

56. The Notice indicated that Plaintiff believed that the monthly billing statement contained a billing error and the amount of the billing error.

57. The Notice set forth the reasons for Plaintiff's believe that the statement contained a billing error.

58. The Notice was mailed to the address designated by Defendant on its monthly billing statements for notices of billing errors to be sent to.

59. Thus, the Notice was a "notice of billing error" as that term is used in the Fair Credit Billing Act, 15 U.S.C. § 1666(a).

60. Regulation Z, which implements the Fair Credit Billing Act, requires a creditor to conduct "reasonable investigation" after it receives a notice of billing error.

61. Defendant did not conduct a reasonable investigation here. Rather, it verified the charge simply because the Western Union Chargeback Response included Plaintiff's "home address, phone number, or email address [that Defendant had] listed on [Plaintiff's] account."

62. The investigation conducted by Defendant was not reasonable. The factual statements in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

63. Defendant's actions caused Plaintiff actual damages.

64. Furthermore, Defendant's actions were part of a pattern or practice of failure to comply with its obligations under the Fair Credit Billing Act. The factual statements will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

65. Specifically, verifying an unauthorized charge simply because a merchant is able to provide one of three common pieces of information is not a reasonable practice or procedure.

66. Furthermore, failing to timely notify a merchant that an unauthorized charge has been made is not a reasonable practice or procedure.

67. By failing to comply with the Fair Credit Billing Act, Defendant is subject to liability pursuant to 15 U.S.C. § 1640.

WHEREFORE, Plaintiff demands judgment against Defendant for actual damages, statutory damages, costs, and attorney's fees.


### Count 2 – Violation of the "Unauthorized Use" Limitation

68. The foregoing paragraphs are incorporated herein by reference.

69. The Truth in Lending Act generally precludes a credit card issuer from imposing more than $50.00 in liability for unauthorized use of a credit card. 15 U.S.C. § 1643.

70. The purchase of the money transfer was an "unauthorized use" as it was not made by a person who had actual, implied, or apparent authority for such use.

71. Plaintiff received no benefit from the unauthorized use.

72. Plaintiff provided Defendant with notice of the unauthorized use during the June 27, 2015 phone call, the July 29, 2015 phone call, and the September 26, 2015 letter.

73. From these communications, the card issuer had all of the pertinent information about the unauthorized use.

74. Because the charge was unauthorized, Plaintiff's liability was limited to no more than $50.00.

75. Nonetheless, Defendant has demanded payment of the entire $657.00 charge from Plaintiff.

76. As a result, Defendant violated the Truth in Lending Act's unauthorized use limitation contained in 15 U.S.C. § 1643.

77. A violation of the unauthorized use limitation is actionable under 15 U.S.C. § 1640.

WHEREFORE, Plaintiff demands judgment against Defendant for actual damages, statutory damages, costs, and attorney's fees.

Brett Freeman
Bar Number PA308834
Attorney for Plaintiff
SABATINI LAW FIRM, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000

Leonard Gryskewicz, Jr.
Bar Number PA321467
Attorney for Plaintiff
SABATINI LAW FIRM, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000

### Verification of Amended Complaint and Certification
### By Plaintiff William Krieger

Plaintiff, William Krieger being duly sworn according to law, deposes as follows:

1. I am a plaintiff in this civil proceeding.

2. I have read the above-entitled civil Amended Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Amended Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Amended Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause unnecessary delay to the Defendant, or create a needless increase in the cost of litigation to the Defendant, named in the Amended Complaint.

5. I have filed this civil Amended Complaint in good faith and solely for the purpose set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 22, 2016

William Krieger, Plaintiff

# Exhibit A

**(Billing Statement for the Period of June 19, 2015 Through July 18, 2015)**

# BankAmericard®



WILLIAM J KRIEGER
Account Number: ████████ 2984
June 19 - July 18, 2015

**Account Information:**
www.bankofamerica.com

**Mail billing inquiries to:**
Bank of America
P.O. Box 982235
El Paso TX 79998-2235

**Mail payments to:**
Bank of America
P.O. Box 15019
Wilmington DE 19886-5019

**Customer Service:**
1.800.421.2110

(1.800.346.3178 TTY)

## Payment Information

| | |
|---|---|
| New Balance Total ...................................................$778.61 | |
| Current Payment Due .................................................$25.00 | |
| Total Minimum Payment Due.........................................$25.00 | |
| Payment Due Date.......................................................8/15/15 | |

**Late Payment Warning:** If we do not receive your Total Minimum Payment by the date listed above, you may have to pay a late fee of up to **$35.00** and your APRs may be increased up to the Penalty APR of 29.99%.

**Total Minimum Payment Warning:** If you make only the Total Minimum Payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay | You will payoff the balance shown on this statement in about | And you will end up paying an estimated total of |
|---|---|---|
| Only the Total Minimum Payment | 3 years | $965.00 |

If you would like information about credit counseling services, call 1-866-300-5238.

## Account Summary

| | |
|---|---|
| Previous Balance .........................$1,336.02 | |
| Payments and Other Credits...........–1,336.02 | |
| Purchases and Adjustments ...............745.76 | |
| Fees Charged .........................................32.85 | |
| Interest Charged........................................0.00 | |
| New Balance Total .........................$778.61 | |
| Total Credit Line...........................$22,900.00 | |
| Total Credit Available..................$22,121.39 | |
| Cash Credit Line.............................$6,900.00 | |
| Portion of Credit Available for Cash .........................................$6,900.00 | |
| Statement Closing Date ...................7/18/15 | |
| Days in Billing Cycle .................................30 | |

## Transactions

| Transaction Date | Posting Date | Description | Reference Number | Account Number | Amount | Total |
|---|---|---|---|---|---|---|
| | | **Payments and Other Credits** | | | | |
| 07/15 | 07/15 | BA ELECTRONIC PAYMENT | 6108 | 2984 | –1,336.02 | |
| | | | | | | –$1,336.02 |
| | | **Purchases and Adjustments** | | | | |
| 06/19 | 06/20 | TURKEY HILL #0207 Q69 ELYSBURG PA | 4322 | 0597 | 41.82 | |
| 06/22 | 06/24 | RED ROBIN 465 SELINSGROVE PA | 3473 | 0597 | 46.94 | |
| 06/27 | 06/29 | WESTERN UNION DENVER CO | 8337 | 0597 | 657.00 | |
| | | | | | | $745.76 |

██ ████████████████████████████████ 2984

BANK OF AMERICA
P.O. BOX 15019
WILMINGTON DE 19886-5019

Account Number: ████████ 2984

| | |
|---|---|
| New Balance Total...............................................$778.61 | |
| Total Minimum Payment Due .................................25.00 | |
| Payment Due Date....................................... 08/15/15 | |

WILLIAM J KRIEGER
147 W BARTON AVE
ELYSBURG PA 17824-9621

Enter payment amount  $

☐ *Check here for a change of mailing address or phone numbers.*
*Please provide all corrections on the reverse side.*
Mail this coupon along with your check payable to: Bank of America

████████████████████ 2984

# Exhibit B

(Letters Confirming July 29, 2015 Phone Call)




www.bankofamerica.com

LL 0801    833 388      04853 #901 AB 0.416
WILLIAM J KRIEGER
147 W BARTON AVE
ELYSBURG PA 17824-9621

ı||ıı|||ı||ı|ılı·ıı||ı|ı|||||ıı||ı····|ı|ı||ı··|ııı|ı|||ıı

July 29, 2015

Account number ending in: 0597
Case number: 70553307

William J Krieger:

We completed our investigation of the $657.00 charge(s) you're
disputing from WESTERN UNION, and were unable to determine that a
billing error occurred based on the information or documentation
available to us. This letter confirms our conversation on July 29,
2015.

**What you need to know**

At this time, we're unable to assist with your inquiry for the
following reason(s):

- We understand that you weren't satisfied with the outcome of the
service the merchant provided, but they have the right to receive
payment for any services that were rendered.

If we previously issued credit(s) to your account, the charge(s) will
be rebilled and will appear on your monthly statement.. At this time,
we consider your dispute(s) resolved and the balance is owed in
accordance with your Credit Card Agreement. Please continue to make
the required payments on the remaining balance, if any, in order to
avoid any related charges.

Questions?

If you have any questions, please call us at 1.855.371.0528, Monday
through Thursday 8 a.m. to 9 p.m. and Friday from 8 a.m. to 7 p.m.
Eastern. We appreciate the opportunity to serve you and your financial
needs.

Credit Claims Department




www.bankofamerica.com

LL 0801   833 388      04854 #001 AB 0.416
WILLIAM J KRIEGER
147 W BARTON AVE
ELYSBURG PA 17824-9621

կկվկՈվթՈ֊Ո֊կՈԼ֊կՈ֊Ո֊կՈ֊Ո֊կՈ֊Ո֊Ո֊Ո֊Ո֊Ո֊Ո֊Ո֊Ո֊

July 29, 2015

Account number ending in: 0597
Case number: 70553307

William J Krieger:

We're responding to your recent inquiry regarding the $657.00
charge(s) from WESTERN UNION.

## What you need to know

- We've issued credit(s) to your account for the disputed charge(s)
  and credited your account for any interest charges and fees you
  received because of the disputed charge(s).
- The adjustment(s) will appear on your monthly statement.
- Please understand that although we filed a claim on your behalf
  and we consider your dispute(s) resolved, the merchant does have
  the opportunity to review the information and provide additional
  documentation to support why they feel the transaction(s) is
  valid.
- Should we receive additional information from the merchant, we'll
  forward relevant documentation to you and let you know if
  additional information is needed to support your dispute(s).

## What you need to do

Please retain copies of all documentation related to your dispute(s).

## Questions?

If you have any questions, please call us at 1.800.634.2927, Monday through Thursday 8 a.m. to 9 p.m. and Friday from 8 a.m. to 7 p.m. Eastern. We appreciate the opportunity to serve you and your financial needs.

Credit Claims Department

# Exhibit C

**(Billing Statement for the Period of July 19, 2015 Through August 18, 2015)**

# BankAmericard®



**Bank of America**

WILLIAM J KRIEGER
Account Number: ████████ 2984
July 19 - August 18, 2015

**Account Information:**
www.bankofamerica.com

**Mail billing inquiries to:**
Bank of America
P.O. Box 982235
El Paso TX 79998-2235

**Mail payments to:**
Bank of America
P.O. Box 15019
Wilmington DE 19886-5019

**Customer Service:**
1.800.421.2110

(1.800.346.3178 TTY)

## Payment Information

| | |
|---|---|
| New Balance Total | $251.43 |
| Current Payment Due | $27.00 |
| | |
| Total Minimum Payment Due | $27.00 |
| Payment Due Date | 9/15/15 |

**Late Payment Warning:** If we do not receive your Total Minimum Payment by the date listed above, you may have to pay a late fee of up to $35.00 and your APRs may be increased up to the Penalty APR of 29.99%.

**Total Minimum Payment Warning:** If you make only the Total Minimum Payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay | You will payoff the balance shown on this statement in about | And you will end up paying an estimated total of |
|---|---|---|
| Only the Total Minimum Payment | 11 months | $266.00 |

If you would like information about credit counseling services, call 1-866-300-5238.

## Account Summary

| | |
|---|---|
| Previous Balance | $778.61 |
| Payments and Other Credits | -939.85 |
| Purchases and Adjustments | 387.67 |
| Fees Charged | 25.00 |
| Interest Charged | 0.00 |
| New Balance Total | $251.43 |
| | |
| Total Credit Line | $22,900.00 |
| Total Credit Available | $22,648.57 |
| Cash Credit Line | $6,900.00 |
| Portion of Credit Available for Cash | $6,900.00 |
| Statement Closing Date | 8/18/15 |
| Days in Billing Cycle | 31 |

## Transactions

| Transaction Date | Posting Date | Description | | Reference Number | Account Number | Amount | Total |
|---|---|---|---|---|---|---|---|
| | | **Payments and Other Credits** | | | | | |
| 06/27 | 07/29 | BAL ADJ/WESTERN UNION | | 8337 | 2984 | -657.00 | |
| 06/27 | 07/29 | CASH FEE ADJUSTMENT | JUL 2015 | 8337 | 2984 | -32.85 | |
| 08/18 | 08/18 | BA ELECTRONIC PAYMENT | | 0336 | 2984 | -250.00 | |
| | | | | | | | -$939.85 |
| | | **Purchases and Adjustments** | | | | | |
| 07/23 | 07/24 | THOMPSON CIGAR 800-2167107 FL | | 5226 | 2984 | 50.45 | |
| 07/25 | 07/27 | SUNOCO 0809356902 ELYSBURG PA | | 1211 | 2984 | 47.77 | |
| 07/29 | 07/30 | SHEETZ 00002162 ELYSBURG PA | | 2683 | 2984 | 38.33 | |

continued on next page..

⊓ 2984

BANK OF AMERICA
P.O. BOX 15019
WILMINGTON DE 19886-5019

Account Number: ████████ 2984

| | |
|---|---|
| New Balance Total | $251.43 |
| Total Minimum Payment Due | 27.00 |
| Payment Due Date | 09/15/15 |

88 0821 N 038 326 14  03531 #801 AT 0.416
WILLIAM J KRIEGER
147 W BARTON AVE
ELYSBURG PA 17824-9821

Enter payment amount   $

☐ *Check here for a change of mailing address or phone numbers. Please provide all corrections on the reverse side.*
Mail this coupon along with your check payable to: Bank of America



2984

# Exhibit D

## (Letter from Defendant)



www.bankofamerica.com

LL 0915   195 000      00194 #@01 SP 0.000
WILLIAM J KRIEGER
147 W BARTON AVE
ELYSBURG PA 17824-9621

September 11, 2015

Account number ending in: 0597
Case number: 71183900

William J Krieger:

Our investigation of the $657.00 charge(s) from WESTERN UNION has been
completed.

What you need to know

The merchant provided a copy of the sales slip(s) as verification of
the charge(s). After reviewing the documentation, we found that we're
unable to resolve the dispute(s) directly with the merchant(s) for the
following reason(s):

- The information provided by the merchant matches the home address,
phone number, or email address we have listed on your account.


As a result, we consider the transaction(s) valid. If we previously
issued credit(s) to your account, the charge(s) will be rebilled and
will appear on your monthly statement. At this time, we consider your
dispute(s) resolved and the balance is owed in accordance with your
Credit Card Agreement.

What you need to do

- If after reviewing the enclosed documentation you have new information that may support your claim, please contact us at the number listed below so that we may determine if we can assist you further.
- Please continue to make the required payments on the remaining balance, if any, in order to avoid any related charges.

Questions?

If you have any questions, please call us at 1.866.522.3256, Monday through Friday from 8 a.m. to 5 p.m. Eastern. We appreciate the opportunity to serve you and your financial needs.

Credit Claims Department

# Exhibit E

**(Billing Statement for the Period of August 19, 2015 through September 18, 2015)**

# BankAmericard®



**Bank of America** 🇺🇸

## Transactions continued

| Transaction Date | Posting Date | Description | Reference Number | Account Number | Amount | Total |
|---|---|---|---|---|---|---|
| | | **Purchases and Adjustments** | | | | |
| 08/27 | 08/28 | SHEETZ    00002162  ELYSBURG    PA | 5075 | 2984 | 45.02 | |
| 08/31 | 09/01 | SHEETZ    00002162  ELYSBURG    PA | 3743 | 2984 | 30.62 | |
| 06/27 | 09/11 | BAL ADJ/WESTERN UNION | 83AJ | 2984 | 657.00 | |
| 09/10 | 09/12 | SUNOCO 0809356902    ELYSBURG    PA | 3362 | 2984 | 39.34 | |
| 09/15 | 09/16 | WINE & SPIRITS 4902    COAL TOWNSHIPPA | 3729 | 2984 | 39.19 | |
| 09/15 | 09/16 | WM SUPERCENTER #2481    COAL TOWNSHIPPA | 8275 | 2984 | 28.25 | |
| 09/17 | 09/18 | TURKEY HILL #0207 Q69  ELYSBURG    PA | 4876 | 2984 | 36.17 | |
| | | | | | | $938.05 |
| | | **Fees** | | | | |
| 08/31 | 08/31 | ANNUAL FEE | | 2984 | 15.00 | |
| | | TOTAL FEES FOR THIS PERIOD | | | | $15.00 |

| 2015 Totals Year-to-Date | |
|---|---|
| Total fees charged in 2015 | $40.00 |
| Total interest charged in 2015 | $0.00 |

## Interest Charge Calculation

Your Annual Percentage Rate (APR) is the annual interest rate on your account.

| | Annual Percentage Rate | Promotional Transaction Type | Promotional Offer ID | Promotional Rate End Date | Balance Subject to Interest Rate | Interest Charges by Transaction Type |
|---|---|---|---|---|---|---|
| Purchases | 14.24%V | | | | $0.00 | $0.00 |
| Balance Transfers | 14.24%V | | | | $0.00 | $0.00 |
| Direct Deposit and Check Cash Advances | 18.99%V | | | | $0.00 | $0.00 |
| Bank Cash Advances | 21.24%V | | | | $0.00 | $0.00 |

APR Type Definitions: Daily Interest Rate Type: V= Variable Rate (rate may vary)

## Of Special Interest

Let us use all our connections to fight hunger. Join us in supporting hunger relief and encourage your friends to do the same. To donate to Feeding America through our Give a Meal program, go to bankofamerica.com/fighthunger

Start the conversation with your child about money at BetterMoneyHabits.com. It puts the tools and resources you need right at your fingertips. Visit BetterMoneyHabits.com for more.



# Exhibit F

**(Notice of Billing Error)**

William Krieger
147 West Barton Ave.
Elysburg, PA
570-672-3143
wjkrieger@hotmail.com

September 24, 2015

Bank of America
Billing Inquiries
P.O. Box 982235
El Paso, TX 79998-2235

Re: Case Number 71183900
BankAmericard Account number ██████████ 2984 (previous # ██████████ 0597)

Dear Sirs:

This letter is in challenge to a charge of $657.00 made on the above-listed card number in payment of a cash advance through Western Union of Denver, Colorado on June 27 of this year. It is my claim that this charge should be credited to my account as it was the result of my credit card being hacked, and the card number being used in a purchase that did not require sufficient identification verification. I realize it may appear that too much time has passed for this appeal to be considered, except for the fact that you did credit my account for the amount of this charge while reportedly investigating it yourselves. A timeline of events involved follows:

1. On June 27 my computer was malfunctioning, and at the same time I received a phone call from someone claiming to be from Microsoft, the person on the phone saying they could help me fix the computer if I followed their instructions. (Please note, my wife was out of the country at the time, and she is the computer literate person in the house). Several hours after this phone call it became clear that the computer was still malfunctioning. My daughter then made a service call to Microsoft and paid for their computer support. Untangling the mess that my computer had become made it evident that my credit card number had been exposed to whoever had called me in the first place.

2. I immediately called your customer service number and requested a hold on the card – I was informed that among other recent charges, a Western Union wire transfer of $657.00 was completed that day. I told the service person that I had not made that purchase, and was told at that time that I had to wait until I received my next paper statement to contest the charge formally. In the meantime, my account number (listed as 'previous' above) was cancelled and a new card issued.

3. When the new statement arrived in late July (for the payment period June 19 – July 18 2015), with the $657.00 charge in place, I again called the customer service number. That person informed me that they could do nothing about this charge, since Western Union had already

authorized the payment. At this point I wanted to cancel the card altogether, since I was no longer happy with the customer service or the outcome of this inquiry. I received a return call a short time later, with yet another person saying they would credit my account while they conducted their own investigation, and demand proof of authorization. The promised balance adjustment appeared on the July 19-August 18 statement.

4. On September 11, I received a letter addressing Case Number 71183900 (copy enclosed) and a copy of the Chargeback Response from Western Union dated 8/11/2015, using this to conclude that the charge was valid because it contained my home address and email. It seems ludicrous to me to have to point out to anyone how easy it is to obtain this information in the first place, much less to rely on it to prove 'it must be you.' The transaction form has no signature, and is submitted to a name in Mumbai, India. At one point in my relationship with Bank of America, when I had to travel out of the area, my wife would receive phone calls at my home inquiring as to whether these out of state charges were not indicative of a stolen credit card. No such phone inquiry was made in this instance.

5. On September 23, 2015 I contacted Western Union to find out if a refund from them was possible. They said they had already paid out the full amount, but had one other interesting piece of information. They did not pay out the amount of this order until August 1, more than a month after the initial charge appeared on my card, and 10 days after my phone call in July to your office. It would seem that an earlier inquiry into this charge would have stopped the payment from going through.

6. At this point, as of the August 19 – Sept. 18 statement, the $657.00 charge has been placed back on my card, and I strongly protest. I wish you would consider all of this information and remove it altogether.

If you have any questions, please contact me at 570-672-3143 or the above address.


Sincerely,

William J. Krieger

enc

## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

EL PASO, TX 79995

| | |
|---|---|
| Certified Mail Fee $3.45 | 0824 |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☐ Return Receipt (hardcopy) $0.00 | |
| ☐ Return Receipt (electronic) $0.00 | Postmark |
| ☐ Certified Mail Restricted Delivery $0.00 | Here |
| ☐ Adult Signature Required $0.00 | |
| ☐ Adult Signature Restricted Delivery $0.00 | |
| Postage $1.42 | |
| Total Postage and Fees | Bank of America  09/26/2015 |

Sent To

Street and Apt No., or PO Box No.

City, State, ZIP+4

7015 0970 0000 0490 3695

PS Form 3800, April 2016 PSN 7530-02-000-9047  See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Bank of America
Billing Inquiries
P.O. Box 982235
El Paso, Texas 79998

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

9590 9403 0396 5155 7066 53

2. Article Number (Transfer from service label)
7015 0970 0000 0490 5702

PS Form 3811, April 2015 PSN 7530-02-000-9053   Domestic Return Receipt

---

```
              ELYSBURG
        5 E ROOSEVELT AVE
              ELYSBURG
                 PA
               17824
            (800)275-8777
09/26/2015         9:16 AM
412480.0824

Product          Sale    Final
Description        Qty    Price
=============================
First-Class        1     $1.42
Mail
Large Envelope
(Domestic)
(EL PASO, TX 79998)
(Weight:0 Lb 2.70 Oz)
(Expected Delivery Day)
(Wednesday 09/30/2015)
Certified          1     $3.45
(@@USPS Certified Mail #)
(70150640000001573695)
Return             1     $2.80
Receipt
(@@USPS Return Receipt #)
(9590940303396515570653)

Total                    $7.67

Cash                   $20.00
Change                ($12.33)

For tracking or inquiries go to
USPS.com or call 1-800-222-1811.

After delivery, use this tracking
number to track your Return Receipt.

Order stamps at usps.com/shop or call
```

# Exhibit G

**(Defendant's Acknowledgment of Receipt of Billing Error Notice)**



**BankofAmerica**

www.bankofamerica.com

LL 1007    366 112    08022 #801 MB 0.439
WILLIAM J KRIEGER
147 W BARTON AVE
ELYSBURG PA 17824-9621

|l·l·ɪ·ɪl|l·ɪɪ·l|l|l·ɪɪ·ɪɪl|l·ɪ·l·l|l|l|l||l·ɪɪ|l|l·ɪɪ|ɪɪ||||l·l·ɪ·ɪ

October 03, 2015

Account number ending in: 2984

William J Krieger:

We've received your recent inquiry regarding the account listed above. We're researching your dispute(s) and will respond to you within 30 calendar days.

If you have any questions, please call us at 1.800.634.2927, Monday through Thursday 8 a.m. to 9 p.m. and Friday from 8 a.m. to 7 p.m. Eastern. We appreciate the opportunity to serve you and your financial needs.

Credit Claims Department

# Exhibit H

**(Letter from Defendant to Plaintiff with Results of Investigation)**

**Bank of America**

LL 1014   692 000    00283 8#01 8P 0.000
WILLIAM J KRIEGER
147 W BARTON AVE
ELYSBURG PA 17824-9621

October 09, 2015

Account number ending in: 0597
Case number: 71562726

William J Krieger:

We've re-examined your recent inquiry of the $657.00 charge(s) from
WESTERN UNION, and regrettably, we're unable to obtain credit(s) to
your account.

What you need to know

We're unable to assist you further with your inquiry for the following
reason(s):

- The information provided by the merchant matches the home address,
phone number, or email address we have listed on your account.

If we previously issued credit(s) to your account, the charge(s) will be rebilled and will appear on your monthly statement. At this time, we consider your dispute(s) resolved and the balance is owed in accordance with your Credit Card Agreement. Please continue to make the required payments on the remaining balance, if any, in order to avoid any related charges.

**Questions?**

If you have any questions, please call us at 1.855.371.0528, Monday through Thursday 8 a.m. to 9 p.m. and Friday from 8 a.m. to 7 p.m. Eastern. We appreciate the opportunity to serve you and your financial needs.

Credit Claims Department

Enclosure

**WESTERN UNION** 

12500 East Belford Avenue                                    *8/10/15*
Englewood, CO  80112

### Western Union Chargeback Response

| Case ID: 1022851238 | Transaction Id: 7293933763 |
|---|---|
| Chargeback Amount:  $657 | |
| Reason: VISA83 (Fraudulent Transaction - Card Absent Environment) | |

Western Union proposes that this is a legitimate transaction and is therefore refuting this chargeback.

This information was provided by the cardholder to Western Union:

**Original Transaction:**

| Transaction Date: | 6/27/2015 11:30:49 AM | Order ID: | 1517887685190231 |
|---|---|---|---|
| Sender Name: | WILLIAM KRIEGER | | |
| Address: 147 W BARTON AVE, ELYSBURG, PA, US, 17824 | | | |
| Email Address: | | | |
| Phone #:  0 | | IP Address: | |
| Payment Method: VISA | | Credit Card: XXX0597 | |
| Auth Code: 83 | | CVV: NULL  AVS: NULL | |
| Principal Amount:  $657 | | Fee Amount:  $0 | |
| Total Amount:  $657 | | Transaction Type:  WEB CC - Westernunion.com | |

**Payout Information:**

| Receiver Name: AMIT RAJAK | |
|---|---|
| Payout City:  MUMBAI | Payout Country:  IN |
| Payout Amount:  $657 | |

Western Union is a money transfer service and does not sell any goods or other services. Prior to the completion of this transaction, the cardholder/sender of the money transfer explicitly agreed to Western Union's Terms & Conditions upon submitting the transaction. The cardholder/sender agreed that Western Union does not accept any responsibility for the goods or services which they paid for by using the Western Union Online Service.

Western Union has provided compelling evidence for this transaction and is requesting a reversal of this chargeback.

If the customer continues with this dispute they may be held liable and collection activities will proceed.

If you have any questions or need additional information, feel free to contact us.

Sincerely,

Western Union Online Payments
Phone Number: 1 (855) 360-3650

| William Krieger, | IN THE NORTHUMBERLAND COUNTY |
| Plaintiff | COURT OF COMMON PLEAS |
| v. | Docket No. CV-16-479 |
| | Civil Action |
| Bank of America, N.A., | |
| Defendant | Jury Trial Demanded |

## CERTIFICATE OF SERVICE

The undersigned verifies that he today is serving upon Defendant via United States Postal Service first-class mail, postage prepaid, delivery confirmation the Amended Complaint in the above captioned action along with all of the exhibits attached to the Amended Complaint. The undersigned served the foregoing documents at the following address:

Bank of America, N.A.
100 North Tryon St.
Charlotte, NC 28202

Date: 4/27/2016

# EXHIBIT C

## Falk, Michael C.

| | |
|---|---|
| **From:** | Brett Freeman <brett@bankruptcypa.com> |
| **Sent:** | Monday, May 02, 2016 3:48 PM |
| **To:** | Falk, Michael C. |
| **Subject:** | FW: Krieger v. BOA |
| **Attachments:** | Krieger v BOA Demand.pdf |

| | |
|---|---|
| **FilingDate:** | 5/5/2016 4:05:00 PM |

Michael,

Thanks for your time on the phone. Please see the attached, which was communicated to George on 4/14.

Brett Freeman
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
(570) 341-9000
Brett@SabatiniLawFirm.com

**From:** Brett Freeman
**Sent:** Thursday, April 14, 2016 3:35 PM
**To:** 'george.driver@bankofamerica.com'
**Cc:** Leonard Gryskewicz, Jr.
**Subject:** Krieger v. BOA

George,

Thanks for your time today on the phone. Please allow this email to confirm that Bank of America has agreed to let Plaintiff file an amended complaint. The amendment will simply add the attachments which are referred to in the complaint, and which appear to have inadvertently not been filed. Please also allow this email to confirm that the parties have agreed that today, April 14, 2016, will be the date of service of the complaint. Finally, please see the attached settlement offer. I look forward to hearing from you.

Thanks,

Brett Freeman
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
(570) 341-9000
Brett@SabatiniLawFirm.com