**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| William Krieger,<br>Plaintiff<br><br>v.<br><br>Bank of America, N.A.,<br>Defendant | Docket No. 4:16-cv-830-MWB<br>(JUDGE MATTHEW W. BRANN)<br><br><br><br>ELECTRONICALLY FILED |

## AMENDED COMPLAINT

### I. INTRODUCTION

1. This is an action for actual damages, statutory damages, and attorney's fees for violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), the Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq.* ("FCEUA"), and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq.* ("UTPCPL"). Defendant failed to conduct a reasonable investigation after being notified of a billing error, and Defendant failed to limit Plaintiff's liability to $50.00 for unauthorized charges made on Plaintiff's credit card. Furthermore, Defendant falsely and erroneously demanded payment of the entire balance from Plaintiff.

### II. JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein by reference.

3. This Court has jurisdiction over the TILA claims pursuant to 15 U.S.C. § 1640(e), which permits an action to be brought in any court of competent jurisdiction.

4. This Court has supplemental jurisdiction of the FCEUA and UTPCPL claims under 28 U.S.C. § 1367, as these claims are so related to the TILA claims that they form part of the same case or controversy.

5. Venue in this Court is proper in that Plaintiff resides here, the conduct complained of occurred here, and Defendant transacts business here.

## III. PARTIES

6. The foregoing paragraphs are incorporated herein by reference.

7. Plaintiff is a natural person residing at 147 W. Barton Avenue, Elysburg, PA 17824.

8. Defendant, Bank of America, N.A., is a bank with a place of business located at 100 North Tryon St, Charlotte, NC 28202.

## IV. STATEMENT OF FACTS

9. The foregoing paragraphs are incorporated herein by reference.

10. Plaintiff entered into an open-ended credit transaction, namely a BankAmericard Visa account, with Defendant for personal, family, and household purposes (“the Account”).

11.At all times relevant hereto, Defendant, in the ordinary course of business, regularly extended open-end consumer credit, pursuant to a Visa, on which Defendant assessed finance charges.

12.Near the end of June 2015, Plaintiff's computer was malfunctioning.

13.On or about June 27, 2015, Plaintiff received a telephone call from an unknown third-party who identified himself as a Microsoft employee.

14.This individual informed Plaintiff that Plaintiff's computer was infected with a virus, and that Plaintiff would need to let this individual remotely access his computer in order to remove the virus.

15.While this individual was accessing Plaintiff's computer, Plaintiff's daughter arrived home and Plaintiff informed her that Microsoft was working on the computer.

16.Plaintiff's daughter informed Plaintiff that it was unlikely that Microsoft would call to inform him that his computer had a virus and that the call was probably a scam.

17.Plaintiff's daughter thereafter disconnected Plaintiff's computer from the internet and while she was doing so Plaintiff saw what he believed to be his credit card number displayed on the computer screen.

18.Plaintiff and his daughter thereafter called Microsoft, and were advised that the individual accessing the computer was not employed by Microsoft.

19. That same day, Plaintiff contacted Defendant to determine if any unauthorized charges were made on his credit card by the third-party.

20. During this conversation with Defendant, Plaintiff was advised that a Western Union money transfer was purchased that day in the amount of $657.00.

21. Plaintiff did not authorize or make the charge referenced in the previous paragraph.

22. During this phone call, Plaintiff informed Defendant's customer service department that the money order was not authorized and that the Account was compromised.

23. During this conversation, Plaintiff was advised by Defendant's customer service department that nothing could be done regarding the unauthorized use at this time.

24. Instead, Plaintiff was told that he would have to contact Defendant's customer service department after he received a written billing statement.

25. Also during this conversation, Defendant cancelled the account number associated with the Account, and issued Plaintiff a new credit card with a different account number.

26. Plaintiff thereafter received his monthly billing statement from Defendant on or about July 29, 2015. A copy of this billing statement is attached as Exhibit A.

27. The unauthorized charge appeared on this monthly statement.

28. After receiving the monthly statement, Plaintiff again contacted Defendant's customer service department by telephone on July 29, 2015.

29. During this conversation, Plaintiff was advised that Defendant could do nothing about the unauthorized charge as Western Union had already authorized the payment.

30. Thereafter, Plaintiff informed Defendant that he wanted to cancel the Account entirely, as he was no longer happy with Defendant's customer service department.

31. Later that same day, Plaintiff received a phone call from Defendant. During this phone call he was advised that Defendant would credit Plaintiff's account while it conducted an investigation on the unauthorized use.

32. Shortly thereafter, Plaintiff received two letters from Defendant confirming the July 29, 2015 phone calls. Copies of these letters are attached as Exhibit B.

33. One of the July 29, 2015 letters stated, in relevant part, as follows:

We're responding to your recent inquiry regarding the $657.00 charge(s) from WESTERN UNION.

What you need to know

- We've issued credit(s) to your account for the disputed charge(s) and credited your account for any interest charges and fees you received because of the disputed charge(s).
- The adjustment(s) will appear on your monthly statement.
- Please understand that although we filed a claim on your behalf and we consider your dispute(s) resolved, the merchant does have the opportunity to review the information and provide additional documentation to support why they feel the transaction(s) is valid.
- Should we receive additional information from the merchant, we'll forward relevant documentation to you and let you know if additional information is needed to support your dispute(s).

34.After receiving this letter, Plaintiff believed that his dispute had been resolved and that he was not required to pay the disputed amount.

35.Plaintiff thereafter received a billing statement for the period of July 19, 2015 through August 18, 2015. A copy of this billing statement is attached as Exhibit C.

36.This billing statement reversed the unauthorized charge, as shown below:

| | | Payments and Other Credits | | | |
|---|---|---|---|---|---|
| 06/27 | 07/29 | BAL ADJ/WESTERN UNION | 8337 | 2984 | -657.00 |

37.As a result, Plaintiff again believed that the matter had been resolved in his favor.

38.However, shortly after September 11, 2015, Plaintiff received another letter from Defendant. A copy of this letter is attached as Exhibit D.

39.This letter stated, in relevant part:

> Our investigation of the $657.00 charge(s) from WESTERN UNION has been completed.
>
> What you need to know
>
> The merchant provided a copy of the sales slip(s) as verification of the charge(s). After reviewing the documentation, we found that we're unable to resolve the dispute(s) directly with the merchant(s) for the following reason(s):
>
> - The information provided by the merchant matches the home address, phone number, or email address we have listed on your account.
>
> As a result, we consider the transaction(s) valid. If we previously issued credit(s) to your account, the charge(s) will be rebilled and will appear on your monthly statement. At this time, we consider your dispute(s) resolved and the balance is owed in accordance with your Credit Card Agreement.

40.Included with the letter is a document entitled "Western Union Chargeback Response." The Chargeback Response shows that the recipient of the money order was Amit Rajak in Mumbai, India.

41.Plaintiff has never been to India, and he does not know anyone named Amit Rajak.

42.Plaintiff thereafter received a billing statement for the period of August 19, 2015 through September 18, 2015. A copy of this billing statement is attached as Exhibit E.

43.The unauthorized charge was reinstated on this billing statement, as demonstrated below:

| | | | | | |
|---|---|---|---|---|---|
| 06/27 | 09/11 | BAL ADJ/WESTERN UNION | 83AJ | 2984 | 657.00 |

44. On or about September 23, 2015, Plaintiff contacted Western Union by telephone to discuss the unauthorized charge.

45. During this telephone call, Plaintiff was advised that the money transfer had not been paid out until August 1, 2015.

46. Thus, prior to Western Union completing the money transfer, Plaintiff had advised Defendant multiple times that the charge was unauthorized.

47. Defendant did not contact Western Union prior to August 1, 2015 to investigatethe unauthorized use of Plaintiff's credit card. The factual statements in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

48. After receiving the September 18, 2015 billing statement, Plaintiff mailed Defendant a notice of billing error ("the Notice").

49. A copy of the Notice is attached as Exhibit F.

50. The Notice was mailed on September 26, 2015 and was received by Defendant on September 29, 2015.

51. After it received the Notice, Defendant acknowledged receipt of the Notice on or about October 3, 2015. A copy of this acknowledgement is attached as Exhibit G.

52. On or about October 9, 2015, Defendant sent Plaintiff the results of its investigation. A copy of this letter is attached as Exhibit H.

53. In relevant part, this letter stated:

> We've re-examined your recent inquiry of the $657.00 charge(s) from WESTERN UNION, and regrettably, we're unable to obtain credit(s) to your account.
>
> **What you need to know**
>
> We're unable to assist you further with your inquiry for the following reason(s):
>
> - The information provided by the merchant matches the home address, phone number, or email address we have listed on your account.

*Count 1 – Violation of the Fair Credit Billing Act*

54. The foregoing paragraphs are incorporated herein by reference.

55. The unauthorized use of Plaintiff's credit card constitutes a "billing error" as that term is used in the Fair Credit Billing Act, 15 U.S.C. § 1666.

56. The Notice enabled Defendant to identify the name and account number of Plaintiff.

57. The Notice indicated that Plaintiff believed that the monthly billing statement contained a billing error and the amount of the billing error.

58. The Notice set forth the reasons for Plaintiff's belief that the statement contained a billing error.

59. The Notice was mailed to the address designated by Defendant on its monthly billing statements for notices of billing errors to be sent to.

60. Thus, the Notice was a "notice of billing error" as that term is used in the Fair Credit Billing Act, 15 U.S.C. § 1666(a).

61.Regulation Z, which implements the Fair Credit Billing Act, requires a creditor to conduct a "reasonable investigation" after it receives a notice of billing error.

62.Defendant did not conduct a reasonable investigation here. Rather, it verified the charge simply because the Western Union Chargeback Response included Plaintiff's "home address, phone number, or email address [that Defendant had] listed on [Plaintiff's] account."

63.The investigation conducted by Defendant was not reasonable. The factual statements in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

64.Defendant's actions caused Plaintiff actual damages.

65.Furthermore, Defendant's actions were part of a pattern or practice of failure to comply with its obligations under the Fair Credit Billing Act. The factual statements will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

66.Specifically, verifying an unauthorized charge simply because a merchant is able to provide one of three common pieces of information is not a reasonable practice or procedure.

67.Furthermore, failing to timely notify a merchant that an unauthorized charge has been made is not a reasonable practice or procedure.

68. By failing to comply with the Fair Credit Billing Act, Defendant is subject to liability pursuant to 15 U.S.C. § 1640.

WHEREFORE, Plaintiff demands judgment against Defendant for actual damages, statutory damages, costs, and attorney's fees.*Count 2 – Violation of the "Unauthorized Use" Limitation*

69. The foregoing paragraphs are incorporated herein by reference.

70. The Truth in Lending Act generally precludes a credit card issuer from imposing more than $50.00 in liability for unauthorized use of a credit card. 15 U.S.C. § 1643.

71. The purchase of the money transfer was an "unauthorized use" as it was not made by a person who had actual, implied, or apparent authority for such use.

72. Plaintiff received no benefit from the unauthorized use.

73. Plaintiff provided Defendant with notice of the unauthorized use during the June 27, 2015 phone call, the July 29, 2015 phone call, and the September 26, 2015 letter.

74. From these communications, the card issuer had all of the pertinent information about the unauthorized use.

75. Because the charge was unauthorized, Plaintiff's liability was limited to no more than $50.00.

76. Nonetheless, Defendant has demanded payment of the entire $657.00 charge from Plaintiff.

77. As a result, Defendant violated the Truth in Lending Act's unauthorized use limitation contained in 15 U.S.C. § 1643.

78. A violation of the unauthorized use limitation is actionable under 15 U.S.C. § 1640.

WHEREFORE, Plaintiff demands judgment against Defendant for actual damages, statutory damages, costs, and attorney's fees.

*Count 3- Violation of the FCEUA and the UTPCPL*

79. The foregoing paragraphs are incorporated herein by reference.

80. Plaintiff is a "consumer," as that term is defined in 73 P.S. § 2270.3.

81. Defendant is a "creditor," as that term is defined in 73 P.S. § 2270.3.

82. The credit card at issue is a "debt," as that term is defined in 73 P.S. § 2270.3.

83. The FCEUA prohibits, *inter alia*, a creditor from engaging in any false, deceptive, or misleading representation or means in connection with the collection of a debt.

84. One specific example of conduct that violates this section of the FCEUA is falsely representing the character, amount, or legal status of any debt. 73 P.S. § 2270.4(b)(5)(ii).

85.The FCEUA also prohibits, *inter alia,* a creditor from using unfair or unconscionable means to collect a debt.

86.One specific example of conduct that violates this section of the FCEUA is the collection of any amount, including interest, fee, charge or expense incidental to the principal obligation, unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 73 P.S. § 2270.4(b)(6)(i)

87.Defendant violated the FCEUA when it sought to recover the entire $657.00 charge from Plaintiff after it had been advised that the usage was unauthorized, rather than the $50.00 that it was limited to recovering under 15 U.S.C. § 1643.

88.If a creditor violates the FCEUA, it constitutes a violation of the UTPCPL. 73 P.S. § 2270.5(a).

89.As part of TILA, a creditor is required to send a statement at the end of each billing cycle which must include, *inter alia*, the outstanding balance on the account. 15 U.S.C. § 1637(b)(8).

90.Plaintiff justifiably relied on Defendant's misrepresentation of the amount that was owed on this account.

91.As a result of Plaintiff's justifiable reliance, he suffered an ascertainable loss of money—namely, the $607.00 that he legally did not owe due to the unauthorized use.

92.The UTPCPL provides for a private right of action to recover the greater of actual damages or one hundred dollars. 73 P.S. § 201-9.2(a).

93.Furthermore, the Court may also award three times the actual damages suffered. 73 P.S. § 201-9.2(a).

94.The Court may also award Plaintiff, in addition to the other relief available, costs and reasonable attorney's fees. 73 P.S. § 201-9.2(a).

WHEREFORE, Plaintiff demands judgment against Defendant for actual damages, treble damages, costs, and attorney's fees.

## V. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

*s/ Brett Freeman*

Brett Freeman
Bar Number PA308834
Attorney for Plaintiff
SABATINI LAW FIRM, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000
Fax (570) 504-2769
Email bfecf@sabatinilawfirm.com

Leonard Gryskewicz, Jr.
Bar Number PA321467
Attorney for Plaintiff
SABATINI LAW FIRM, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000

Fax (570) 504-2769
Email leonard@sabatinilawfirm.com

**CERTIFICATE OF SERVICE**

Service is being effectuated via the CM/ECF system.

*s/ Brett Freeman*
Brett Freeman