**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| William Krieger, | |
| Plaintiff, | Civil Action No. 4:16-CV-00830 |
| v. | Matthew W. Brann |
| | United States District Judge |
| Bank of America, N.A., | |
| Defendant. | |

**REPLY IN SUPPORT OF DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**I.    INTRODUCTION**

Notwithstanding its length, Plaintiff William Krieger's ("Plaintiff") 43-page Memorandum in Opposition (the "Opposition") to Defendant Bank of America, N.A.'s ("BANA") Motion to Dismiss and Memorandum in support thereof (the "Memorandum") cannot salvage his claims.  Plaintiff's claim for violation of the Fair Credit Billing Act, 15 U.S.C. § 1666 *et seq.* ("FCBA"), is not viable because the notice of billing error upon which it is premised was not timely submitted and, even if it had been, Plaintiff fails to allege facts showing that BANA's investigation into the alleged error was unreasonable.  In addition, Plaintiff's claim for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, fails because neither of the sections cited – 15 U.S.C. §§ 1640, 1643 – give rise to a

private right of action. Further, Plaintiff fails to allege the elements of a claim for violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1 *et seq.*, which are in fact required despite Plaintiff's contention that he can simply allege a violation of Pennsylvania's Fair Credit Extension Uniformity Act ("FCEUA"), 73 P.S. § 2270.1 *et seq.* without alleging the other requisite UTPCPL elements. Lastly, Plaintiff's "pattern and practice" allegations are not relevant to any viable claim and should therefore be stricken.

**II. ARGUMENT**

**A. Plaintiff Ignores The FCBA's Timely Notice Requirements And Instead Relies Upon Inapplicable Regulations Governing A Cardholder's Liability**

In pressing his claim against BANA as the card *issuer*, Plaintiff mistakenly relies upon Federal Regulations governing the liability of a *cardholder*. According to Plaintiff, the applicable authority for his FCBA claim is not Section 1666(a) of the FCBA and cases construing it, like BANA's cited case, *Hill v. Chase Bank, USA, N.A. See* 15 U.S.C. 1666(a) (governing, *inter alia*, "time for and contents of notice" of billing error sent by cardholder to card issuer); *see also Hill*, No. 2:07-CV-82, 2010 WL 107192, at *5 (N.D. Ind. Jan. 6, 2010) ("Without a valid and timely notice of billing error, there's no duty to comply with § 1666(a)(A) and (B), and no violation of these sections."). Rather, Plaintiff completely ignores these controlling authorities and instead attempts to rely upon 12 C.F.R. §§ 1026.12 and

2

1026.13 of Regulation Z. The fundamental problem with this reliance, however, is that these Federal Regulations concern "liability of [the] cardholder for unauthorized use" of the card, *see* 12 C.F.R. § 1026.12, not liability of the card issuer under the FCBA for failure to act appropriately in response to a timely written notice of billing error (which, as noted, is governed by Section 1666(a) of the FCBA). Pursuant to Plaintiff's cited Federal Regulations, "the liability of a cardholder for unauthorized use of a credit card shall not exceed the lesser of $50 or the amount of money, property, labor, or services obtained by the unauthorized use before notification to the card issuer . . . ." 12 C.F.R. § 1026.12(b)(2). But nothing in the cited Federal Regulations, or indeed the whole of Regulation Z, imposes liability on a card issuer, even where the cardholder opts to pay more than the required $50.

Accordingly, Plaintiff's failure to abide by the timely written notice requirements of Section 1666(a) of the FCBA is fatal to his claim, which should be dismissed with prejudice.

### B. Plaintiff May Not Base Liability Upon The Rebilled Charge

Faced with the aforementioned controlling authority, *see* 15 U.S.C. 1666(a); *Hill*, 2010 WL 107192, at *5, Plaintiff next argues that his notice of billing error was timely because the operative statement for calculating the 60-day period is the September 18, 2015 statement containing the rebilled charge. In making this

argument, however, Plaintiff again completely ignores controlling contrary authority. Although quoted nearly in full in BANA's Memorandum, Plaintiff makes no mention whatsoever of 12 C.F.R. § 226.13(h), which expressly states that a card issuer has "no further responsibilities" as to the "[r]eassertion of a billing error" where it previously fulfilled its obligations as to the originally asserted error. *See also Humphrey v. U.S. Bank, N.A.,* No. 11-CV-272, 2012 WL 3686272, at *5 (N.D. Okla. Aug. 24, 2012) ("rebilling is not subject to the requirements of the FCBA or Regulation Z" where "[t]he charge was by the same vendor, for the same amount, for the same service") (citing 12 C.F.R. § 226.13(h)).

Instead, Plaintiff again cites to 12 C.F.R. §§ 1026.12 and 1026.13, but, as explained, these Federal Regulations govern only his own responsibility for the allegedly unauthorized charge and have nothing to do with BANA's potential liability under the FCBA. For this reason, Plaintiff's attempt to distinguish *Humphrey* on the basis of these (inapplicable) Federal Regulations must also fail. *See* Opposition at 17 & n. 4. Plaintiff then quotes a snippet of a footnote from *Rigby v. FIA Card Servs., N.A.*, 490 Fed. App'x 230, 236 n.4 (11th Cir. 2012) (unreported opinion), for the proposition that "questions of fact" as to whether "a new billing error" should be viewed as "a continuation of the original claim[ ] need not be decided" at the motion to dismiss stage. However, as the portion of the footnote omitted by Plaintiff indicates, "Rigby pleaded sufficient facts that, taken

as true, demonstrate[d] that his initial notice . . . of the disputed charge was timely." *Id.* Thus, Rigby's prior written notice was sufficient to maintain his claim at the motion to dismiss stage in any event.[1] Here, on the contrary, there is indisputably only one written notice, and Plaintiff's own pleading indicates it was untimely. Accordingly, as the court did in *Humphrey*, this Court can and should grant the defendant's motion to dismiss a FCBA claim based upon a reasserted billing error.

In an attempt to excuse his failure to comply with FCBA's clear requirements, Plaintiff asks the Court to find that the law regarding reasserted billing errors *should* be different than what it is. Further relying on 12 C.F.R. §§ 1026.12 and 1026.13, Plaintiff contends at length in his Opposition that "[p]olicy reasons" justify a change in the law such that the later September 2015 statement showing the rebilled charge should be treated as the operative statement that starts the running of the 60-day period. Opposition at 18 – 22. As Plaintiff would have it, where oral notice of an alleged billing error is provided, a card issuer should face FCBA liability based upon a reasserted billing error in order to prevent – as Plaintiff insinuates occurred here – a card issuer from "trick[ing] a consumer into thinking that a disputed charge was resolved, and then reasserting the charge once

---

[1] Tellingly, *Rigby* cites neither 12 C.F.R. §§ 1026.12 nor 1026.13 – the two Federal Regulations that Plaintiff repeatedly cites as providing the alleged framework for analysis of FCBA liability.

the dispute period has passed." Opposition at 21 (quotation omitted). However, in drafting the FCBA, Congress could have decided to impose liability based upon the assertion of a previously orally asserted billing error, but instead decided to require that the assertion of any billing error be in writing before it would affirmatively impose liability. Plaintiff obviously disagrees with this decision, but it is nonetheless the applicable law. *See* 15 U.S.C. § 1666(a). Plaintiff's FCBA claim should be dismissed.

      **C.    Plaintiff Has Not Alleged Facts Establishing That BANA Failed To Conduct A Reasonable Investigation**

In light of Plaintiff's untimely billing error notice, the reasonableness of BANA's investigation is irrelevant for purposes of determining FCBA liability. However, even if Plaintiff had alleged a timely notice (which he has not done), he nonetheless fails to allege that BANA's investigation was unreasonable. Plaintiff appears to base his conclusion regarding the reasonableness of BANA's investigation upon the eight factors listed in 12 C.F.R. § 1026.12, but as repeatedly noted, this Federal Regulation pertains to the liability of a cardholder for unauthorized usage, not the liability of a card issuer for violating the Fair Credit Billing Act.[2] Plaintiff also criticizes as "conclusory" the *Humphrey* court's finding

---

[2]    Plaintiff claims in footnote 6 of his Opposition that Section 1026.12 applies because both a card issuer's liability under the FCBA and the limitations on a cardholder's liability for unauthorized usage in Regulation Z "are enforced

that the card issuer's investigation in that case was reasonable, but this criticism merely makes BANA's point: the level of investigation required of the card issuer is minimal and courts are not exacting in concluding that the statutory minimum has been met. *See Humphrey*, 2012 WL 3686272, at *5 (finding that investigation was reasonable where, as occurred in this case, the card issuer sent the cardholder a letter stating that the disputed charge had been credited but would be rebilled if resubmitted by the merchant).

All of Plaintiff's cited cases are distinguishable. As an initial matter, *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997) and *Davis v. Trans Union, LLC*, 526 F. Supp. 2d 577, 585 (W.D.N.C. 2007) are not even FCBA cases. Rather, those cases arise under the Fair Credit Reporting Act, which imposes separate and distinct obligations upon issuers of credit. *See* 15 U.S.C. § 1681s-2(b). Further, in *Rigby*, the alleged facts indicated that it was "impossible" that Rigby received the purchase and thus "conclusively demonstrated non-delivery," which obviously conflicted with the card issuer's determination that the purchase was "actually delivered." 490 Fed. App'x at 236-37. Finally, in *Roundtree v. Chase Bank USA, N.A.*, 2014 WL 794800, at *6 (W.D. Wash. Feb. 27, 2014), a summary judgment case, the court held that summary judgment is *not*

---

through 15 U.S.C. § 1640," but this is incorrect, as discussed in the following section.

precluded when the jury could come to only one conclusion about the investigation.

Here, dismissal is appropriate because even if the alleged facts are later proven true, the only conclusion can be that BANA's investigation of the billing error was reasonable. Because Plaintiff does not allege facts establishing that BANA failed to conduct a reasonable investigation, the Court should dismiss his FCBA claim for this additional reason.

### D. Section 1640 Of TILA Provides No Private Right Of Action And Controlling Third Circuit Authority Precludes Plaintiff's Reliance Upon Section 1643

In the face of multiple controlling Third Circuit cases holding that 15 U.S.C. § 1643 does not provide him with a private right of action, *see Azur v. Chase Bank, USA, N.A.*, 601 F.3d 212, 217 (3d Cir. 2010); *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 175 (3d Cir. 2008), Plaintiff attempts to switch horses mid-race and ride 15 U.S.C. § 1640 to a viable claim. In relevant part, Section 1640 provides: "any creditor who fails to comply with any requirement *under this part* . . . with respect to any person is liable to such person . . . ." 15 U.S.C. § 1640 (emphasis added). In other words, although Section 1640 provides for "Civil Liability," it requires a "trigger" in the form of a violation of some other requirement set forth in Part B, i.e., a violation of 15 U.S.C. §§ 1634 to 1651. In his Amended Complaint, Plaintiff alleged a violation of 15 U.S.C. § 1643, but he

has no choice but no acknowledge that the Third Circuit's holdings in *Azur* and *Sovereign Bank* preclude him from relying upon that section. However, Plaintiff does not and cannot point to any other section of Part B that animates the liability set forth in 15 U.S.C. § 1640, and his claim therefore fails.

Although Plaintiff attempts to explain away the Third Circuit's holdings in *Azur* and *Sovereign Bank* as mere dicta and "not at all relevant to the present matter," Opposition at 33 & n. 10, the real problem for Plaintiff is that he appears to be on the wrong side of a circuit split. As noted in *Azur*, some "federal courts of appeal have assumed that a right to reimbursement exists" under Section 1643 for payments made in excess of the $50 maximum, but the Third Circuit has rejected that assumption as lacking proper analytical basis. 601 F.3d at 217 n.10; *see also* Opposition at 36 (citing one such district court case, *Bromfield v. HSBC Bank Nevada*, 2014 WL 1833895 (D. Ore. Jan. 13, 2014)). However, whatever the law may be in these other jurisdictions, it is unequivocal in the Third Circuit: "[Section] 1643 does not address, nor is it even concerned with, the liability of an issuer . . . ." *Azur*, 601 F. 3d at 217 (*Sovereign Bank*, 533 F.3d at 175).

In light of this controlling Third Circuit authority, Plaintiff's second claim for violation of 15 U.S.C. § 1643 (and now § 1640) should be dismissed.

### E. Plaintiff Has Not Alleged The Elements Of A FCEUA/UTPCPL Claim

As set forth in BANA's Memorandum, Plaintiff's FCEUA/UTPCPL claim fails because Plaintiff has not alleged (1) violative conduct by BANA; (2) an ascertainable loss; or (3) justifiable reliance. The Opposition fails to rebut any of these points.

As a preliminary matter, Plaintiff argues that he does not have to allege the elements of a UTPCPL claim (other than an ascertainable loss) when a FCEUA violation is alleged because the FCEUA violation is itself the trigger under the UTPCPL. *See* Opposition at 37 n.12 & 38. However, this is a misreading of Pennsylvania law, as Courts continue to analyze whether the UTPCPL elements are met even where a FCEUA violation is also alleged. *See Kern v. Lehigh Valley Hosp., Inc.*, 108 A.3d 1281, 1287 (Pa. Super. Ct. 2015) ("We need not look far for the answer to this question, as our Supreme Court has decided and reaffirmed that justifiable reliance is an element of all private claims under the UTPCPL [in a case involving claims for both FCEUA and UTPCPL].").

And Plaintiff fails to carry his burden of alleging all of the elements of a UTPCPL claim. First, as set forth in the preceding sections, Plaintiff has not actually alleged that BANA did anything improper, that is, Plaintiff has not alleged that BANA engaged in any false, deceptive or misleading conduct. Second, Plaintiff *admits* he has failed to allege an ascertainable loss. Third, Plaintiff cannot

avoid the reality that he has not alleged justifiable reliance. Plaintiff claims that he relied upon the billing statement from BANA in paying the charge. *See* Opposition at 40. Plaintiff also claims that he relied upon BANA's statement that he could be assessed related charges if he failed to make payment. *Id.* These claims of reliance, however, are directly contradicted by Plaintiff's allegations in the Amended Complaint that he has always maintained that the charge was unauthorized and has disputed it with BANA since the day of the incident. Amended Complaint at ¶ 22.

To establish justifiable reliance, plaintiffs "bear the burden of establishing a causal connection to or reliance on the alleged misrepresentations of a defendant." *Toy v. Metro. Life Ins. Co.*, 963 A.2d 1, aff'd, 928 A.2d 186 (Pa. 2007). Importantly, "[t]he Supreme Court of Pennsylvania has consistently interpreted the UTPCPL's private-plaintiff standing provision's causation requirement to demand a showing of justifiable reliance, not simply a causal connection between the misrepresentation and the harm." *Id*. (*citing Hunt*, 538 F.3d at 227). Here, Plaintiff alleges, at most, that the mailings from BANA led him to pay the disputed charge to avoid related charges, not that these mailings constituted misrepresentations that duped him into paying. This is not enough to constitute justifiable reliance to create a UTPCPL violation.

Because Plaintiff has not alleged deceptive conduct, an ascertainable loss or justifiable reliance, his claim for violation of the FCEUA/UTPCPL should be dismissed.

### F. Plaintiff's Pattern or Practice Allegations Are Irrelevant Because He Has No TILA Claim

Plaintiff's final argument in his Opposition is that his allegations of "pattern and practice" are relevant because Plaintiff is seeking damages under TILA Section 1640. However, as noted above, there is no direct liability under Section 1640, and in the Third Circuit there is also no Section 1640 liability based upon a violation of Section 1643. *See* § II.D *supra*.

Accordingly, because Plaintiff's pattern and practice allegations are wholly irrelevant to his claims, they should be stricken.

## III. CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's Amended Complaint with prejudice in its entirety.

Respectfully Submitted,

  s/Robert E. Warring
Robert E. Warring (PA ID 209326)
Michael C. Falk (*Pro Hac Vice*)
REED SMITH LLP
Three Logan Square
1717 Arch Street
Philadelphia, PA  19103
215-851-8100

*Attorneys for Defendant*
*Bank of America, N.A.*

Dated:  July 29, 2016

# CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of July, 2016, I caused a true and correct copy of the foregoing Reply in Support of Motion to Dismiss Plaintiff's Amended Complaint to be served via ECF upon the following:

>Brett Freeman, Esquire
>Sabatini Law Firm, LLC
>216 N. Blakely Street
>Dunmore, PA 18512

>  s/Robert E. Warring
>Robert E. Warring